

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,722-01

**EX PARTE BRIAN MCGAVOCK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 076679-01-D-WR IN THE 320TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of assault and sentenced to six years' imprisonment. He did not appeal his conviction. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In a single ground, Applicant contends that counsel advised him that his state and federal sentences would run concurrently and that he would return to federal custody after he was sentenced in the present case. Counsel responded in a sworn affidavit, but the trial court made no findings of fact and conclusions of law. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may order a second response from counsel. In

developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving credit on his federal sentence while serving his present sentence, counsel's affidavit is credible, his advice to Applicant was deficient, and Applicant would have insisted on a trial but for counsel's alleged deficient advice. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 30, 2020
Do not publish